No. 2544.—VOR. MAIGNAN & F. LABORDE *v.* NEW ORLEANS, JACKSON AND GREAT NORTHERN RAILROAD COMPANY.

A common carrier who undertakes to carry freight from one point to another is responsible for the delivery of the goods at the port of destination. A mere notice by the carrier to the consignee, that his goods are landed, is not sufficient to discharge the carrier in case of loss.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont,* J. *Whitaker & Rice,* for plaintiffs and appellants. *L. E. Simonds,* for defendants and appellees.

TALIAFERRO, J. This is an action to recover from the company $577 50, with interest, the value of four barrels of whisky, brought over their road from Canton, in the State of Mississippi, to New Orleans, and alleged by plaintiffs never to have been delivered to them. The defendants admit that they transported for the plaintiffs

fifty barrels of whisky to New Orleans as set forth by them, but aver that they made due delivery of the same, and deny that they are liable to plaintiffs in any manner.   There was judgment in the court below in favor of the defendants, and the plaintiffs have appealed.

The case depends entirely upon the question of delivery.   It seems that the fifty barrels of whisky arrived at the New Orleans depot on Saturday.   An employe of the plaintiffs testifies that he noticed in the Monday morning's newspaper that the whisky had arrived on the previous Saturday; but that no notice of its arrival had been given by the company in accordance with their usual custom, and that he only learned of its arrival by seeing the statement in the newspaper; that an order was sent for the whisky, directions given for payment of the freight, and a gauger dispatched to gauge the liquor; that it was too late on Saturday evening after the gauging was got through with to receive the whisky, and the hauling of it away was not commenced until the next morning, when several drays were put in requisition for that purpose; that about 3 o'clock P. M., of Tuesday, forty-five barrels had been taken away, and when a drayman returned for the remaining five barrels, only one of them could be found.   It is shown that the whisky had been stored in the warehouse or storeroom of the company.   The clerk or cashier of the company at the depot, whose business it seems was to attend to the delivery of freight, testifies that when the drayman came into his office and presented the order for the whisky it was raining hard, and that he could not at the time attend to it himself, but sent one of the watchmen to show the draymen the whisky they were to haul.   This watchman testifies. that by instructions from the clerk he went with the draymen, counted the barrels, finding the full number there, and said to them: " There is your whisky."   The clerk further testified in regard to delivery, that this had been the mode of delivering freight at the depot up to the time of the delivery of this lot of whisky to the plaintiffs; that his practice had always been to go out with a person having freight, show him his lot, count the parcels, and say: "There is your lot; take it."   That he considered that a delivery, and afterwards abandoned the goods and had no more to do with them.   In answer to questions by counsel, he said:   "We count the lot to him still, but we work differently now."   Being asked if, when a drayman took away two or five barrels, it was customary to get a receipt for them, he answered : "No, but I have done it since, just on account of that circumstance"— alluding to the difficulty that arose from the loss of the four barrels of the plaintiffs' whisky.

Much of the testimony in this record is irrelevant.   That portion of it bearing immediately upon the only question in the case does not in our opinion show such a delivery as will exonerate the company as

common carriers from liability for the loss shown to have been sustained by the plaintiffs in this case. By the subsequent adoption of a stricter usage in regard to delivery the company seems to have brought itself under the rule that appears to be the one now generally prevalent, that the consignee should have time and opportunity to remove the goods by the exercise of the proper watchfulness, before the responsibility of the carrier ends. Redfield on the Law of Railways, vol. 2, pp. 55, 56 and 57.

We think the judgment appealed from erroneous. It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that the defendants deliver to the plaintiffs the four barrels of whisky, shown to have been missing through the fault of the defendants, or pay the plaintiffs the value thereof, viz: five hundred and seventy-seven dollars and fifty cents, with five per cent. interest thereon, from judicial demand, and all costs of suit.

Rehearing refused.